```
              UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF MICHIGAN
                    SOUTHERN DIVISION
```

TREVOR SMITH,
    PLAINTIFF,

CASE NO. 1:20-cv-_____

VS.

HON. _____

WALMART, INC.,
    DEFENDANT.
_____

Jason R. Pelak (P79618)
**Attorney for Plaintiff**
700 Milam Street, Suite 1300
Houston, TX 77002
Phone (832) 871-5031
Email jason@pelaklaw.com
_____

## **COMPLAINT**

    The plaintiff Trevor Smith, by and through his attorney Jason R. Pelak, for actions arising under the Family Medical Leave Act of 1993, in connection with his protected activity and subsequent termination by Walmart, Inc., states as follows.

*JURISDICTIONAL ALLEGATIONS*

1. The plaintiff Trevor Smith is an individual who resided and was employed in Kalamazoo County, State of Michigan, at all times relevant to this complaint.

2. The defendant Walmart, Inc., was an employer at all times relevant to this complaint in Kalamazoo County, State of Michigan.

3. This case arises under the Family Medical Leave Act of 1993, 29 USC §2601 *et seq.*

4. This case arises out of the defendant's employment and discharge of the plaintiff in the Summer of 2019 in Kalamazoo County, State of Michigan.

5. The Court has federal-question jurisdiction for the claims as alleged under the Family Medical Leave Act of 1993. 28 USC §1331.

*JURY DEMAND*

6. The plaintiff hereby requests a trial by jury for all issues that may be submitted to the same.

*COMMON ALLEGATIONS*

7. Trevor Smith was employed by and working for Walmart, Inc., as a Service Technician.

8. During the time of his employment with the defendant, and through his termination, Mr. Smith did a good job for it.

9. In the Spring of 2019, Mr. Smith was suffering from conditions of diabetes and anxiety, which further resulted in worsening conditions of leg pain, leg numbness, and impaired walking.

10. Mr. Smith requested FMLA leave from the defendant, and was subsequently approved for intermittent FMLA leave.

11. In the use intermittent leave, Mr. Smith was approved for various dates of leave during 2019.

12. In the Summer of 2019, the defendant discharged Mr. Smith.
13. The defendant stated it terminated Mr. Smith for exceeding "allotted absences for the six month rolling period."
14. At least one or more dates of absence counted by the defendant against Mr. Smith was qualified and approved for intermittent FMLA leave, and without which the defendant would not have terminated Mr. Smith.
15. As a result of the discharge by the defendant, Mr. Smith has suffered severe damages, including losses of income, emotional distress, a loss of enjoyment of life, and other consequential damages.
16. All conditions precedent have been performed or have occurred.

*COUNT 1 – FMLA INTERFERENCE*

17. The plaintiff restates and realleges as though fully set forth herein all prior paragraphs of this complaint.
18. The defendant discharged, interfered, or otherwise discriminated against Mr. Smith as an eligible employee that took FMLA leave.
19. As a result, Mr. Smith has suffered and will continue to suffer damages set forth above.
20. This claim is actionable under the Family Medical Leave Act of 1993, 28 USC § 2601 *et seq.*

21. **WHEREFORE,** the plaintiff requests that this Court enter a Judgment in his favor against the defendant, in whatever amount he is shown to be entitled to including actual damages, lost income, emotional distress, inconvenience, mental anguish, and additional liquidated damages equal to lost income, together with interest, costs, attorney fees, and any other relief as the Court deems warranted.

*COUNT 2 – FMLA RETALIATION*

22. The plaintiff restates and realleges as though fully set forth herein all prior paragraphs of this complaint.
23. The defendant discharged, interfered, or otherwise discriminated against Mr. Smith in connection with his protected activity under the Family Medical Leave Act.
24. As a result, Mr. Smith has suffered and will continue to suffer damages set forth above.
25. This claim is actionable under the Family Medical Leave Act of 1993, 28 USC § 2601 *et seq.*
26. **WHEREFORE,** the plaintiff requests that this Court enter a Judgment in his favor against the defendant, in whatever amount he is shown to be entitled to including actual damages, lost income, emotional distress, inconvenience, mental anguish, and additional liquidated damages equal to

lost income, together with interest, costs, attorney fees, and any other relief as the Court deems warranted.

Dated: 4/28/20 _____

Respectfully submitted,

_____
Jason R. Pelak (P79618)
137 N. Park St, Ste 101A
Kalamazoo, MI 49007
Phone (269) 459-9805
Fax (269) 459-9807
Email jason@pelaklaw.com

**ATTORNEY FOR PLAINTIFF**